UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **Lisa Azzou,** as guardian and natural parent on behalf of her minor daughter **S.A.**<br><br>    Plaintiff,<br>v.<br><br>UNITED STEAKS OF AMERICA, INC., a Michigan for profit corporation<br><br>    Defendant. | Case No. 1:23-cv-1032<br><br>Judge: |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

NOW COMES **LISA AZZOU**, as guardian and natural parent on behalf of her minor daughter S.A., by and through the undersigned counsel, Owen B. Dunn, Jr., counsel for Plaintiff, who hereby files this Complaint against **United Steaks of America, Inc., a Michigan for profit corporation**, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Lisa Azzou on behalf of her minor child S.A. and individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil

actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Western District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Lisa Azzou is the guardian and natural parent of her minor daughter S.A.

5. S.A., is a female born on October 29, 2008, is an Oakland County, Michigan resident, and the minor child qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. The Defendant, **United Steaks of America, Inc.,** owns and operates The Cove, a riverside grill and bar located at 111 W. River St. Leland MI, 49654 in Leelanau County.

6. Plaintiff patronized Defendant's restaurant on a number of occasions while visiting the Traverse City and Leland areas with her daughter and family and together have experienced the barriers to access complained of herein.

7. Upon information and belief, the facility owned or operated by the Defendant **United Steaks of America, Inc.** is non-compliant with the remedial provisions of the ADA. As Defendant either owns, leases, lease to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA.  Defendant's restaurant

is a place of public accommodation. Defendant's property fails to comply with the ADA and its regulations, as also described further herein.

8. S.A. is a child diagnosed with spina bifida, hydrocephalus, Chiari malformation, sleep apnea, and neurogenic bladder and permanently uses a wheelchair for mobility. As such, she is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. Lisa Azzou is her mother.

9. On multiple occasions over a period of several years, but most recently on July 17, 2022, S.A. and her mother visited the property that forms the basis of this lawsuit and plan to return to the property to avail herself of the goods and services offered to the public at the property.

10. Plaintiff has a realistic, credible, existing, and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the restaurant and its amenities without fear of discrimination.

11. Defendant owns, leases, lease to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of

public accommodation that the Defendant owns, operates, leases or lease to is a restaurant known as The Cove, located at 111 W. River St. Leland MI, 49654 in Leelanau County.

12. The Defendant, **United Steaks of America, Inc.,** has discriminated against the individual Plaintiff by denying her access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendant has discriminated and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of The Cove, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

**Parking and Accessible Routes**

A. In the parking lot, there are no accessible or Van Accessible parking spaces being provided, in violation of the ADA section 208 of the 2010 Standards and 1991 ADAAG section 4.6.1, whose remedy is readily achievable.

**Access to Goods and Services**

B. On the outdoor dining area, 5% of the seating and standing dining surfaces are not accessible, in violation of the ADA section 226.1 of the 2010 Standards and 1991 ADAAG section 5.1, whose remedy is readily achievable.

**Restrooms**

C. At the men and women's restrooms entry doors, the sign's providing information are located out of compliance, and not 48" minimum to 60" maximum above the finished floor alongside the door at the latch side, in violation of the ADA section 703 of the 2010 Standards and 1991 ADAAG section 4.30.6 whose remedy is readily achievable.

D. In the Women's restroom, the trash can blocks the maneuvering clearance of the door at exiting, in violation of the ADA section 404.2.4.1 on the 2010 Standards and 1991 ADAAG section 4.13.6.

E. In the women's restroom, the mirror above the lavatory is mounted greater than 40' above the finished floor to its reflective surface is, in violation of the ADA section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.6, whose remedy is readily achievable.

F. In the Women's restroom, the water and drainpipes under the lavatory are not insulated to protect against scalding and contact, in violation of the ADA section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is readily achievable.

G. In the Women's restroom accessible toilet compartment, the flush handle is not located on the open side of the toilet, in violation of the ADA section 604.6 of the 2010 Standards and 1991 ADAAG section 4.18.4, whose remedy is readily achievable.

H. In the Women's restroom accessible toilet compartment, the door swings into to clear floor space of the water closet completely impairing its use, in violation of the ADA section 604.3.2 of the 2010 Standards and 1991 ADAAG section 4.18.3, and the compartment door is not self-closing, in violation of the ADA section 604.8.1.2 of the 2010 Standards, whose remedy is readily achievable.

I. In the Women's restroom accessible toilet compartment, the water closet is not located within 16 to 18 inches of the side wall measure to its centerline but instead is about 2 feet from the side wall and its associated grab bar, in violation of section 4.17.3 of the 1991 ADAAG Standards and 604.2 of the 2010 Standards whose remedy is readily achievable.

J. In the women's restroom accessible toilet compartment the shelf above the water closet is mounted above the 48 inch maximum allowable height range, in violation of the ADA and section 308.3.1 of the 2010 Standards and 1991 ADAAG section 4.2.5 whose remedy is readily achievable.

K. In the Women's restroom accessible toilet compartment, the toilet paper is mounted outside the allowable reach ranges, in violation of the ADA and section 604.7 of the 2010 Standards and section 4.16.6 of the 1991 ADAAG, whose remedy is readily achievable.

L. Upon information and belief a number of similar barriers to handicap access exist in the men's restroom, in violation of the ADA whose remedy is readily achievable.

**Policies and Procedures**

M. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, including a policy of maintenance of its accessible features, in violation of the ADA whose remedy is readily achievable.

N. The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward the Plaintiff.

15. The discriminatory violations described in Paragraph 14 by Defendant **United Steaks of America, Inc.,** is not an exhaustive list of the Defendant's ADA violations. Plaintiff requires

further inspection of the Defendant's place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

16. Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17. The restaurant at issue, as owned and operated by **United Steaks of America, Inc.** constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

19.     The Plaintiff, and others similarly situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

20.     Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## M.C.L. § 37.1301 *et seq.*

21.     Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22.     **United Steaks of America, Inc.** operates a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

23.     Defendant has committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, Defendant has failed to provide any functional, accessible toilet compartment for he Plaintiff or others who use a wheelchair for mobility to use the restroom on the property.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities,

privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.

Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
Monroe, MI (734) 240-0848
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net